IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN DALE PONDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10cv112-MHT |
| ) | |
| LORETTA E. HUFF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is Plaintiff's Amended Complaint (Doc. #8), filed April 9, 2010. Plaintiff's initial Complaint was filed on February 2, 2010 (Doc. #1), in which his sole request for relief was that the court issue a restraining order "[t]hat [he] should not be arrested or incarcerated at this time or until a jury trial has concluded in it's [sic] deliberation only if finding [him] guilty as charged." Complaint (Doc. #1) at 2. Plaintiff also requested that he be tried near Columbus, Georgia, or at least in or around Atlanta, but not Northeast Georgia. *Id*. The District Judge entered an Order denying the request for a Temporary Restraining Order (Doc. #3) and referring the case to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Order (Doc. #4). Accordingly, the undersigned stayed service of process pending review under 28 U.S.C. § 1915 (2000), and ordered Plaintiff to amend his complaint, to include a new request for relief. *See* Order (Doc #5). After receiving an extension of time, Plaintiff filed the Amended Complaint. For the reasons that follow, it is the

RECOMMENDATION of the undersigned that this action be DISMISSED.

## I. DISCUSSION

Twenty-eight U.S.C. § 1915 provides, in pertinent part, as follows: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing the Amended Complaint, the court has determined that because of the *Younger* Abstention doctrine[1], Plaintiff has failed to state a claim upon which relief may be granted.

Upon a review of Plaintiff's Amended Complaint, it is clear that what Plaintiff seeks is federal interference in state criminal and civil cases. The entirety of the relief requested by Plaintiff revolves around these state cases. Plaintiff requests that this court issue orders requiring that: (1) "all parties stay away from Plaintiff's residence and [] storage locations;" (2) Defendants only have contact with Plaintiff through this court and that proceedings be stopped in the case where criminal prosecution is taking place; (3) all documents, papers, and any other evidence being used in "the Oelgthorpe Co. case" be turned over to this court, as well as all discovery evidence in criminal cases 14148, 14146, and 14147; and (4) any proceeding against Plaintiff not take place in the Ogelthorpe County area. *See* Amended Complaint (Doc. #8) at 5-8.

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971).

In support of these requests, Plaintiff asserts that he has been denied discovery and due process by Defendants in the pending cases. Plaintiff would have this court issue orders requiring that the parties in the state actions have their communications restricted, that the venue for the state prosecution be changed, and that discovery be conducted in a different manner. That this action is about interference in state proceedings is further evidenced in Plaintiff's most recent filing, a Motion to Compel (Doc. #11) in which he requests this court order the district attorney in Ogelthorpe County, Georgia, to disclose all documents, audio and video tapes, and other evidence, that are being used to prosecute Plaintiff and that this court require the Georgia state public defender appointed to represent him to remove his case to this court, and other various related requests.

These requests, and those contained in the Amended Compliant, run afoul of the *Younger* Abstention doctrine. The abstention doctrine announced in *Younger*, reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden*, 457 U.S. 423, 431 (1982). The *Younger* Abstention doctrine bars this court from interfering in the criminal actions pending against Plaintiff. *See Younger*, 401 U.S. 37; *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) ("As in *Younger* itself, the doctrine usually applies in cases involving criminal prosecution or the criminal justice system.").

In this case, the *Younger* doctrine also applies to Plaintiff's claims involving the civil action. Plaintiff that states the civil action concerns 18 U.S.C. § 2265, which gives full faith

and credit to "a written pleading for protection against abuse by a spouse or intimate partner" issued by a state. Thus, it appears that Plaintiff requests interference in a civil proceeding that "bear[s] a close relationship to proceedings criminal in nature," *Middlesex County Ethics Comm.*, 457 U.S. at 432, or possibly a state administrative proceeding. In either case, the court should abstain. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 n.2 (1986). In addition, the *Younger* doctrine applies where a "federal injunction would create an 'undue interference with state proceedings.'" *Wexler,* 385 F.3d at 1339. (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 360 (1989)). Plaintiff's Amended Complaint specifically requests interference with the orders of a state court, including those related to bond and discovery, and any interference by this court would be undue. *New Orleans Public Service, Inc.,* 491 U.S. at 2518 (holding abstention doctrine applies "to civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.")

Finally, "[w]here vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" *Middlesex County Ethics Comm.*, 457 U.S. at 432. Clearly, the state has a vital interest in the proper administration of orders of protection, and Plaintiff has an "adequate opportunity to raise the constitutional claims" in the Georgia state courts. *Id.*; *see also 31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

Therefore, the court finds that the *Younger* abstention doctrine applies, and that this

action is due to be dismissed.

### III. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED, prior to service of process, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) (2000). It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before May 26, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of May, 2010.

                                     /s/ Wallace Capel, Jr.
                                     WALLACE CAPEL, JR.
                                     UNITED STATES MAGISTRATE JUDGE